UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ALEXANDER,

        Petitioner,

v.                                                    Case No. 04-CV-73953-DT

THOMAS BIRKETT,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION TO ALTER,
AMEND, OR RECONSIDER THE JUDGMENT**

Petitioner John Alexander has moved to alter, amend, or reconsider the judgment dismissing his habeas petition as time-barred. Petitioner is represented by counsel, who alleges that he did not file an answer to Respondent's motion for summary judgment because he never received the motion.[1] He argues in the pending motion that

---

[1] The certificate appended to the April 15, 2005 motion shows the following:

"I hereby certify that Vickie A. Miner has mailed by United States Postal Service the following papers to the following non-ECF participant:

    CRAIG A. DALY (P27539)
    ATTORNEY FOR PETITIONER
    28 WEST ADAMS, SUITE 900
    DETROIT, MI 48226"

Mailings are presumed to have reached the intended recipient, and proof of mailing can be established by certification or other means. *See, e.g., Simpson v. Jefferson Standard Life Ins. Co.* 465 F.2d 1320, 1324 (6th Cir. 1972) ("[P]roof of a business system of preparing and mailing letters, and compliance with such a custom in the particular instance, is sufficient to establish proof of mailing.").

Further, the docket sheet shows that on October 18, 2004, the Respondent was ordered to file a response to the Petition not later than April 15, 2005, which he did. For the next eleven months, nothing happened in this case other than the

the court's dispositive opinion granting Respondent's motion was based on a misunderstanding of the facts.

The court may grant a motion for rehearing or reconsideration if the moving party shows (1) a "palpable defect," (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. Local Rule 7.1(g)(3) (E.D. Mich. Sept. 8, 1998). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Marketing Displays, Inc. v. Traffix Devices, Inc.,* 971 F. Supp. 262, 278 (E.D. Mich. 1997) (citing Webster's New World Dictionary 974 (3d Ed. 1988)). "[M]otions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication" shall not be granted. E.D. Mich. LR 7.1(g)(3).

Petitioner is asserting issues that the court has already adjudicated. He claims that the court was misled when it (1) inferred from Petitioner's letter to the trial court that he was aware of the Parole Board's retroactive policy of denying parole to parolable lifers and (2) relied on Petitioner's comment at an evidentiary hearing that the Parole Board had indicated to him that he was serving a life sentence, not parolable life. Petitioner asserts that he was not referring to the Parole Board's policy and that he was merely confused and offering his impressions when he made those statements.

---

filing of various Rule 5 materials. Unless he claims to have not received the court's mailing in addition to Respondent's, Petitioner is held to have known that a response had been ordered. If he indeed did not receive the responsive motion, he also apparently failed to notice that the case was (from his perspective) lingering with no action for almost a year, and failed as well to examine the docket sheet where he would have quickly seen the case status.

The court interpreted the record differently. Petitioner's disagreement with the court's reading of the record does not demonstrate a palpable defect.

In addition, Petitioner's allegation that he could not have raised his claims before 2002 does not demonstrate a palpable defect in the court's opinion. Petitioner could not have raised his claims for at least thirteen years after he began serving his 1981 sentence, because he served his two-year sentence for a felony firearm conviction first, and he did not become eligible for parole until he served ten years of his life sentence for second-degree murder. Mich. Comp. Laws § 791.234(6). In 1998, Petitioner raised his habeas claims in a post-conviction motion. By then, he had served at least fifteen years of his life sentence and the Parole Board had refused to release him on parole three times. The court, therefore, believes that Petitioner could have raised his claims earlier than 2002. The court is not bound by the trial court's legal conclusion that Petitioner's claims did not become ripe until 2002. *Cf.* 28 U.S.C. § 2254(e)(1) (according a presumption of correctness to a state court's determination of a *factual* issue).

Petitioner's final argument is that the factual predicate for his second claim (sentence based on misconception of law) was the trial court's order dated March 13, 2002, in which the trial court expressed a ruling on the claim. This court believes that the factual predicate for Petitioner's second claim was the trial court's understanding of Petitioner's sentence when it sentenced him in 1981, not when it issued a ruling in 2002. The claim had ripened by 1998 when it became evident that the Parole Board was not likely to release Petitioner on parole. Thus, this court was not misled by a

3

palpable defect when it concluded that the factual predicate for Petitioner's second claim existed before 2002.

In conclusion, Petitioner's disagreement with the court's conclusions and its reading of the record fails to demonstrate that the court was misled by a palpable defect. Accordingly, Petitioner's motion to amend, alter, or reconsider the judgment [Doc. #29] is DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: April 14, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 14, 2006, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522