**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHN ALEXANDER,

            Petitioner,

v.                                       Case No. 04-CV-73953-DT

THOMAS BIRKETT,

            Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT
AND
GRANTING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY**

Petitioner John Alexander has appealed the court's opinion and judgment dismissing his habeas corpus petition as time-barred.  Currently pending before the court is Petitioner's motion for relief from judgment, which incorporates by reference the arguments made in Petitioner's previous motion to alter or amend the judgment.  Also pending before the court is Petitioner's motion for a certificate of appealability.

**I.  DISCUSSION**

**A.  The Motion for Relief from Judgment**

Petitioner seeks relief from the court's judgment because the court granted Respondent's motion for summary judgment before Petitioner filed an answer to the motion.  Petitioner claims that he failed to file an answer to Respondent's motion for summary judgment because he did not receive a copy of the motion.

Petitioner relies on Federal Rule of Civil Procedure 60(b)(1), which states that, "[o]n motion and upon such terms as are just, the court may relieve a party or a party's

legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . ." Fed. R. Civ. P. 60(b)(1). Even assuming that Petitioner has shown excusable neglect for not answering Respondent's motion, he has not offered any new reasons for relieving him from the court's judgment. He relies on the reasons given in his motion to alter or amend the judgment. The court has already considered, and rejected, those arguments. (*See* Dkt. # 30.) Accordingly, the court will deny Petitioner's motion for relief from judgment.

### B. The Motion for a Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability]." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "It is consistent with § 2253 that a [certificate of appealability] will issue in some instances where there is no certainty of ultimate relief. After all, when a [certificate of appealability] is sought, the whole premise is that the prisoner 'has already failed in that endeavor.'" *Miller-El*, 537 U.S. at 337 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

When, as here, a district court dismisses a habeas petition on procedural grounds without reaching the merits of the petitioner's claims, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The issues in Petitioner's habeas petition allege that (1) the Michigan Parole Board's retroactive application of a new policy converting a parolable life sentence into a nonparolable life sentence violated the Ex Post Facto Clause and (2) the trial court misconceived when a prisoner sentenced to life imprisonment would be released. The court determined that these claims were barred from substantive review by the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), because Petitioner had discovered the factual predicate for his claims by 1998 and exhausted state remedies for his claims by February 22, 2000. Although Petitioner sought additional post-conviction relief in 2002, the court determined that the one-year statute of limitations had already expired February 22, 2001. Petitioner filed his habeas petition on October 8, 2004. The court therefore concluded that the petition was untimely and that equitable tolling was inappropriate.

Reasonable jurists could debate the court's conclusions about when the factual predicate for Petitioner's claims could have been discovered and when the statute of limitations began to run. *Miller-El*, 537 U.S. at 338 ("[A] claim can be debatable even though every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that [the] petitioner will not prevail.") Accordingly, the court will grant Petitioner's motion for a certificate of appealability.

3

## II.  CONCLUSION

IT IS ORDERED that Petitioner's motion for relief from judgment [Dkt. #31] is DENIED.

IT IS FURTHER ORDERED that Petitioner's motion for a certificate of appealability [Dkt. # 33] is GRANTED.  A certificate of appealability may issue on whether Petitioner's habeas claims are barred from substantive review by the statute of limitations.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 24, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 24, 2006, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\Odd Orders\04-73953.ALEXANDER.DenyingMotForReliefFromJudgmentAndGrantingMotForCOA.wpd                4